Michael **TONEY**, individually and on behalf of all others who are similarly situated, Plaintiff–Appellant,

v.

Roland **BURRIS**, Defendant–Appellee.

No. 88–3304.

United States Court of Appeals, Seventh Circuit.

Submitted July 27, 1989.[1]

Decided Aug. 7, 1989.

As Amended Aug. 18, 1989.

---

1. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice

Walter S. Clifton, Urbana, Ill., E. Little, Milwaukee, Wis., for plaintiff-appellant.

Gladys Stevens, Rosalyn B. Kaplan, Asst. Attys. Gen., Alison Breslauer, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge,
FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM:

Michael Toney applied for and received two Illinois Guaranteed Student Loans during 1978 and 1979. The loans were provided by the First National Bank of Chicago, and repayment was guaranteed by the Illinois State Scholarship Commission (ISSC). Toney failed to meet his repayment obligations, and on December 15, 1983 the ISSC reimbursed the bank. Meanwhile, Toney took a job with the State of Illinois. On January 11, 1984, the ISSC sent Toney a letter informing him that it had the power to request the Comptroller, Roland Burris, to offset the money owed the State from Toney's paycheck under Ill.Rev.Stat. ch. 15, ¶ 210.05. Soon thereafter, Toney and the ISSC agreed on a plan for repayment of the money owed the ISSC in monthly installments without resort to the Comptroller. Toney failed to meet his obligations under the new agreement as well, and the ISSC sent notifications on December 7, 1984, April 22, 1985, and January 6, 1986 that it would seek an offset from Toney's state paycheck. The letters did not inform Toney of any right to challenge the asserted indebtedness.

On April 12, 1986, the Comptroller notified Toney that an offset had been requested by the ISSC, and that money had been

provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

withheld from Toney's paycheck. The letter explained that Toney had thirty days in which to protest before the withheld money would be released to the ISSC. Toney filed suit in the district court under 42 U.S.C. § 1983 alleging that the absence of an opportunity to challenge the debt before the withholding constituted a deprivation of property without due process of law.[2]

The district court certified Toney's suit as a class action, with a plaintiff class consisting of all persons who have had or will have funds withheld pursuant to Ill. Rev.Stat. ch. 15, ¶ 210.05. Furthermore, the district court agreed with Toney that the procedures provided were inadequate to constitute due process. *Toney v. Burris*, 650 F.Supp. 1227 (N.D.Ill.1986). The court declared the statute unconstitutional on its face and as applied, and enjoined its further implementation. On appeal, this court took judicial notice of the fact that the regulations implementing ch. 15, ¶ 210.05 had been amended between the time the action was filed and the time it was decided. We noticed that the new regulations could possibly answer Toney's due process concerns. We ruled that, if there were no ongoing violations of constitutional rights, the Eleventh Amendment would bar the suit, and that if a court were assured that the violations (if they were violations) would not be resumed, then the case would be moot. We remanded the case to the district court for a determination of whether the statute as implemented by the new regulations was constitutional. *Toney v. Burris*, 829 F.2d 622 (7th Cir. 1987).

On remand, Judge Parsons, in an order published at 699 F.Supp. 687 (N.D.Ill.1988), found that under the regulations now in effect, persons who had defaulted on student loans are given constitutionally adequate notice and opportunity to be heard before any moneys are withheld. Judge Parsons was convinced that the Comptroller would not return to his former practices, and therefore dismissed the case as moot. Toney appeals.

The Present Statutes and Regulations

Ill.Rev.Stat. ch. 15, ¶ 210.05 states that: Whenever any person shall be entitled to a warrant from the treasury ... against whom there shall be any account or claim in favor of the State, then due and payable, the Comptroller, upon notification thereof, shall ascertain the amount due and payable to the State, as aforesaid, and draw a warrant on the treasury ... stating the amount for which the party was entitled to a warrant ... the amount deducted therefrom, and on what account, and directing the payment of the balance.... The Comptroller may deduct the entire amount due and payable to the State in accordance with the request of the notifying agency....

The Comptroller has issued regulations implementing that statute, which can be found at 74 Ill.Admin.Code §§ 285.1100–285.1109. The relevant section is § 285.1102, Request for Processing a Claim under Section 10.05 of the Act:

a) *The Comptroller will not process a claim under Section 10.05 of the Act until he has received notification from the State agency that the debt has been established through notice and opportunity to be heard.*

b) For purposes of Section 10.05 of the Act and this Part promulgated pursuant thereto, "notification" of an account or claim eligible to be offset shall be deemed to occur when the State agency in favor of which the account or claim has arisen has submitted to the Comptroller, on a Form C–33, a written statement thereof, which statement must contain the following information:

1) the name, address and Social Security number or Federal Employer's Identification Number of the person against whom the claim exists;

2) the amount of the claim then due and payable to the state;

---

2. Toney had filed a petition in bankruptcy shortly before receiving notice of the offset from the Comptroller, but had not yet received a discharge. This suit was filed before the discharge was granted. In any event, the debt involved here is not dischargeable in bankruptcy, *see* 11 U.S.C. § 523(a)(8), so the bankruptcy does not affect this case.

3) the reason why there is an amount due to the State (i.e., income tax liability, overpayment, etc.);

4) the time period to which the claim is attributable;

5) the fund to which the debt is owed;

6) *a description of the type of notification given to the person against whom the claim exists and the type of opportunity to be heard afforded such person;*

7) *a statement as to the outcome of any hearing or other proceedings held to establish the debt, or a statement that no hearing was requested;*

8) the date of final determination of the debt; and

9) any other information which is needed to describe the claim eligible to be offset. (Emphasis added)

The Illinois School Code provides authority for the ISSC to establish procedures governing defaulted loans. Ill.Rev.Stat. ch. 122, ¶ 30–15.10b.

> The rule shall provide for notice to any such borrower or person affected, and any final administrative decision rendered by the Commission with respect to any certification made pursuant to this Section shall be reviewed only under and in accordance with the Administrative Review Law.

The regulations of the ISSC, 23 Ill.Admin. Code § 1720.70(h)(3), provide that the ISSC is to provide a borrower fifteen days notice before the first offset is to occur. If the borrower disputes the debt within the fifteen days, appeals are taken to a series of ISSC officials in turn. 23 Ill.Admin.Code § 1700.70. After appeal to the Executive Director of the ISSC, a borrower may request a full hearing in accordance with hearing procedures set out at 23 Ill.Admin. Code §§ 1790.60(d)–(f), which, in turn, refer to the procedures of the Illinois Administrative Procedure Act, Ill.Rev.Stat. ch. 127, ¶¶ 1010–1012. These procedures call for a full adversary hearing at which the borrower may be represented by counsel. The decision of the hearing officer is a final administrative decision, 23 Ill.Admin.Code § 1700.70(f), and are subject to judicial re-view under the administrative review provisions of the Illinois Civil Practice Act, Ill. Rev.Stat. ch. 110, ¶ 3–101 *et seq.*, as is required by the enabling statute.

Analysis

The district court found on its examination of the former procedures that persons subject to offset had a right to be heard only after the deprivation of property had occurred. That difficulty is plainly no longer present for persons believed to have defaulted on obligations guaranteed by the ISSC. A person in Toney's position is given fifteen days notice before any offset is made. He may contest the debt in administrative hearings, and may even seek judicial review all the way to the Illinois Supreme Court. If the Comptroller finds the notice and opportunity to be heard inadequate, there will be no offset regardless of the ISSC's safeguards.

Toney's objections to the current system are ill-founded because they focus solely on the role of the Comptroller. Toney objects that the Comptroller relies solely on the representations of the agency as to the adequacy of agency procedures. He also objects that the Comptroller holds no pre-deprivation hearing. These objections gloss over the fact that the ISSC provides all the procedural protections one could reasonably ask for. Before a request is even sent to the Comptroller by the ISSC the borrower has been given ample notice and opportunity to be heard.

■ In assessing the adequacy of procedures, we apply the well-known test of *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), keeping in mind that due process standards are flexible. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). The factors considered under *Mathews* are: (1) the private interest at stake; (2) the risk of an erroneous deprivation of that interest under the challenged procedures; (3) the probable value of additional safeguards; and (4) the cost to the government of such additional safeguards. *Mathews*, 424 U.S. at 335, 96 S.Ct. at 903. There is no question but that Toney's interest in his pay-

check is great. But we find that the other factors clearly outweigh that interest. Given that full notice and opportunity to be heard are given by the ISSC before any request is made, with the full panoply of procedural protections and opportunity for judicial review, the chances of erroneous determination of the validity of the debt to be offset are very slight indeed. This would be so even if the Comptroller had no procedures whatsoever. The value of further safeguards in the Comptroller's office could hardly be of any benefit, because even the best safeguards would merely duplicate those made available by the ISSC. The cost of providing additional safeguards therefore necessarily outweighs any benefits gained by the expenditure of money and human resources. One opportunity for access to the full range of procedural protections is adequate to comport with due process. We will not require the Comptroller to duplicate the ISSC's efforts.

Toney also argues that there is no assurance that the Comptroller will not return to his prior practice of off-setting debts prior to notice and opportunity to be heard. His argument relies solely on his contention that the Comptroller's procedures alone do not provide adequate assurance of due process protections. Because we have found that the debtor gets primary protection from the ISSC rather than from the Comptroller, this argument cannot succeed. The district court's determination that the Comptroller's willingness to institute reforms and enforce them against requesting agencies is not clearly erroneous and will not be overturned on appeal. As the district court found, Toney's case is moot.

■ However Toney is not the only plaintiff in this case. Rather he represents a class composed of "all persons who have had or will have their funds withheld by the defendant acting pursuant to Ill.Rev. Stat. ch. 15, § 210.05." 650 F.Supp. at 1233. Many members of this class have or will have debts owing to agencies other than the ISSC. The named parties have inexplicably ignored the interests of those other persons. The record is devoid of evidence of the procedures called for by other agencies before they will make a request for offset to the Comptroller. There is no longer any reason to believe that Toney's claims are typical of the claims of the class as a whole. Fed.R. Civ.P. 23(a)(3); *Kremens v. Bartley*, 431 U.S. 119, 129–32, 97 S.Ct. 1709, 1715–17, 52 L.Ed.2d 184 (1977). The district court did not consider whether persons owing debts to agencies other than the ISSC receive adequate protections under the Comptroller's new regulations. Although the district court was correct in its determination of Toney's case, its reasoning does not automatically apply to other class members. We remand to the district court so that it may consider whether the order certifying the class is still appropriate. *Kremens*, 431 U.S. at 134–35, 97 S.Ct. at 1717–18.

VACATED AND REMANDED